# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BRUCE E. JOHNSON, Guardian *ad litem* for LEILANI CORPUS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. N21C-07-072 FWW |
| STEVEN W. BROOKE HURDLE and REGINALD JAMES HURDLE, | ) ) ) ) | |
| Defendants. | ) ) | |

Submitted: July 28, 2023
Decided: August 8, 2023

*Upon the Motion for Partial Judgment on the Pleadings or Partial Summary Judgment of Plaintiff Bruce E. Johnson, Guardian ad litem for Leilani Corpus*
**GRANTED.**

## ORDER

Olga K. Beskrone, Esquire, COMMUNITY LEGAL AID SOCIETY, INC., 100 W. 10th Street, Suite 801, Wilmington, DE 19801, Attorney for Plaintiff Bruce E. Johnson, Guardian *ad litem* for Leilani Corpus.

Steven W. Brooke Hurdle, 3434 New Jersey Avenue, Pennsauken, NJ 08110, Defendant, *pro se.*

**WHARTON, J.**

This 8th day of August 2023, upon consideration of the Motion for Partial Judgment on the Pleadings or Partial Summary Judgment of Plaintiff Bruce E. Johnston, Guardian *ad litem* for Leilani Corpus,[1] and the record in this case, it appears to the Court that:

1.     On July 14, 2021, Bruce E. Johnson ("Johnson"), purporting to represent Leilani Corpus ("Corpus") as holder of her power of attorney, filed an eight-line handwritten Complaint against Defendant Stephen Brooke Hurdle ("Hurdle") alleging that he owed her an unpaid debt.[2] Concurrently, Johnson moved to be appointed guardian ad litem for Corpus.[3] Hurdle submitted a letter response on August 11, 2021, agreeing that "a debt is owed to Leilani Corpus" which he intended to repay, stating that he "feel[s] the urgent responsibility to make sure [he] make[s] Miss Leilani Corpus whole with reasonable immediacy."[4] On August 16th the Court granted Johnson's motion to serve as guardian ad litem for Corpus.[5]

2.     Johnson was able to secure counsel who sought and received permission from the Court to file an amended complaint.[6] The Amended Complaint was filed on September 26, 2022.[7] It added Reginald James Hurdle as a co-

---

[1] D.I. 26.
[2] Compl., D.I. 1.
[3] D.I. 1.
[4] Def.'s Resp., D.I. 9.
[5] D.I. 10.
[6] D.I. 18.
[7] Amend. Compl., D.I. 19.

defendant and sought money damages in excess of $82,000.[8]  Service on Defendant Reginald James Hurdle has not been perfected and counsel for Johnson represents that Johnson has decided not to pursue the matter against Reginald James Hurdle.[9] *Pro se* Defendant Stephen W. Brooke Hurdle answered the Amended Complaint on November 23, 2022.[10]  In his answer Hurdle admits that he executed a promissory note in favor of Corpus in the amount of $72,000 plus $10,000.[11]  Additionally, he repeatedly states that he intends to repay Corpus what he owes her.[12]  In particular, he states that he "vows to sell his only available asset and repay Ms. Corpus $40,000+ from proceeds."[13]

    3.    Based on the foregoing Johnson moves for partial judgment on the pleadings or partial summary judgment on the issue of liability.[14]  The Court sent the litigants a letter directing that any response to the motion was to be filed no later than July 28th.[15]  No response has been received by the Court as of the date of this Order.

    4.    Pursuant to Super. Ct. Civ. R. 12(c):

---

[8] *Id.*

[9] D.I. 25.

[10] Def.'s Ans., D.I. 22.

[11] *Id.* at ¶¶ 12, 24.

[12] *Id.* at ¶¶ 21, 30, 25, 26, 27, 36, 38.

[13] *Id.* at ¶ 30.

[14] D.I. 26.

[15] D.I. 27.  Although the letter does not reflect that it was sent to Hurdle, the Court has been informed by its case manager that notice in fact was sent to him.

> After the pleadings are closed but within such time so as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the Court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.[16]

Upon considering such a motion, the Court must accept all well-pled facts as true and must construe all reasonable inferences in favor of the non-moving party.[17] The motion may only be granted where the Court is satisfied that "no material issue of fact exists and the movant is entitled to judgment as a matter of law."[18]

5.      Johnson's motion seeks relief either under Rule 12(c) as a motion for partial judgment on the pleadings or, if the Court considers matters outside the pleadings, as one for partial summary judgment.[19] The Court need not consider matters outside the pleadings in order to resolve the motion on the pleadings.

6.      The Court accepts the well-pled facts in Hurdle's Answer to the Amended Complaint as true and construes all reasonable inferences in his favor. According Hurdle some deference as a *pro se* defendant, the Court, nevertheless,

---

[16] Super. Ct. Civ. R. 12(c).
[17] *Silver Lake Office Plaza, LLC v. Lanard & Axilbund, Inc.*, 2014 WL 595378, at *6 (Del. Super. Jan. 17, 2014).
[18] *Desert Equities, Inc. v. Morgan Stanley Leveraged Equity Fund II, L.P.*, 624 A.2d 1199, 1205 (Del. 1993).
[19] D.I. 26.

finds Hurdle has repeatedly admitted that he is liable to Corpus for money damages as a result of the transaction alleged in the Amended Complaint in an amount of at least $40,000. The Court concludes that there is no material issue of fact as to Hurdle's liability to Corpus in the amount of at least $40,000, and that she is entitled to judgment as a matter of law.

**THEREFORE**, the Motion for Partial Judgment on the Pleadings of Plaintiff Bruce E. Johnson, Guardian *ad litem* for Leilani Corpus, is **GRANTED** as follows:

1.      Defendant Steven W. Brooke Hurdle is liable to Plaintiff Bruce E. Johnson, Guardian *ad litem* for Leilani Corpus, on the promissory note attached to the Amended Complaint as Exhibit B in an amount not less than $40,000; and

2.      The matter shall proced to trial on the issue of damages only.

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.